**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 13-06272-JW |
| | Chapter 13 |
| Maurice Donzell Wyatt, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon the Certification of Plan Completion and Request for Discharge ("Request for Discharge") filed by Maurice Donzell Wyatt ("Debtor") on September 17, 2018. Pursuant to Fed. R. Bankr. P. 3002.1(g), U.S. Bank National Association, as Trustee of the Security National Mortgage Loan Trust 2006-1 ("U.S. Bank.") filed a response ("Response") to the Trustee's Notice of Final Cure Payment indicating that Debtor is not current on all his post-petition payments to U.S. Bank. Based on the Response, the Court held a hearing on the Request for Discharge attended by Debtor and Debtor's counsel. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law.[1]

**FINDINGS OF FACT**

1.  On September 9, 1998, Debtor and Amber Wyatt executed and delivered a promissory note ("Note") in the amount of $74,700.00 to Newberry Financial Services.

2.  Also on September 9, 1998, Debtor and Amber Wyatt executed and delivered a mortgage ("Mortgage") of the property better known as 1763 Whitener Road, Newberry, South Carolina 29108 ("Principal Residence") to Newberry Financial Services. The Mortgage was subsequently assigned to U.S. Bank.

---

[1] To the extent the following findings of fact are conclusions of law, they are adopted as such, and to the extent the following conclusions of law are findings of fact, they are so adopted.

1

3. On October 23, 2013, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.

4. On November 1, 2013, Debtor filed a proposed chapter 13 plan, which was subsequently amended on January 27, 2014 ("Chapter 13 Plan"). The Chapter 13 Plan provided the following regarding U.S. Bank's claim:

B. Secured Creditor Claim: The plan treats secured claims as follows:

1. General Provisions: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming plan, or other order of the Court. . . .

3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to [U.S. Bank] at the rate of $**75.00** *or more per month for nine months and $100.00 or more per month thereafter*, **for House and lot 1763 Whitener Rd, Newberry SC**, along with 0% interest. The creditor shall apply payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b.) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning **November 2013**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

5. On February 27, 2014, U.S. Bank file a proof of claim based on the Note and Mortgage.

6. The Chapter 13 Plan was confirmed on March 13, 2014.

7. On January 6, 2017, U.S. Bank filed a Notice of Mortgage Payment Change ("Payment Change Notice") pursuant to Fed. R. Bankr. P. 3002.1(b), indicating that beginning with the February 9, 2017 payment, Debtor's payment amount would increase from $628.12 to

$684.59 per month. Attached to the Payment Change Notice is a letter from SN Servicing Corporation to Debtor stating the following:[2]

> We do not have a valid or current hazard insurance policy on file for the [Principal Residence]. The conditions of your mortgage require you to continually maintain a hazard insurance policy and provide us with evidence of coverage. Therefore, in order to protect the mortgagee interest in the property, we have imposed "Force Placed" insurance on your account. The monthly premium of $56.47 for the "Force Placed" insurance has been added to your monthly mortgage payment. Your new monthly payment will be $684.59 beginning with your payment due 02/09/17.

8.    On October 20, 2017, U.S. Bank filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("First Postpetition Fee Notice"), asserting that it had advanced $2,017.33 for the unpaid property taxes from tax years 2011, 2012, 2013 and 2016, and monthly force placed insurance premiums in the total amount of $334.17 incurred from May 4, 2017 to October 3, 2017.

9.    On April 4, 2018, U.S. Bank filed a second Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Second Postpetition Fee Notice"), asserting that it had advanced monthly force placed insurance premiums in the total amount of $274.53 incurred from November 2, 2017 to March 1, 2018.

10.   On August 24, 2018, the Chapter 13 Trustee filed the Notice of Final Cure Mortgage Payment pursuant to Fed. R. Bankr. P. 3002.1(f).

11.   On August 29, 2018, U.S. Bank filed the Response indicating that Debtor was due for the July 9, 2018 payment, and alleging Debtor owed $2,053.77 in ongoing post-petition payments, as well as $2,071.33 in outstanding post-petition fees, charges and expenses, escrow, and costs. The Response included a payment history for the Mortgage loan, which indicated that Debtor consistently made timely monthly payments in the amount of $630.00 throughout his Bankruptcy Case, starting with the November 9, 2013 payment.

---

[2]    It appears SN Servicing Corporation is the servicer of the Mortgage loan for U.S. Bank.

12. On October 25, 2018, the Court held a hearing on the Request for Discharge attended by Debtor and Debtor's counsel. No one appeared at the hearing on behalf of U.S. Bank.

## CONCLUSIONS OF LAW

At the hearing on the Request for Discharge, Debtor's counsel argued that the amounts reflected in the Response are comprised of post-petition fees and expenses incurred by U.S. Bank during the pendency of Debtor's bankruptcy case, namely unpaid taxes and insurance.[3] Debtor does not dispute that he has not paid the post-petition fees and expenses to U.S. Bank. Debtor's counsel argues that the payments of post-petition fees and expenses on a mortgage claim treated under 11 U.S.C. § 1322(b)(5) are not "payments under the plan" as defined in 11 U.S.C. § 1328(a), and therefore, Debtor should be entitled to a discharge regardless of whether he has paid those post-petition fees and expenses.[4]

Section 1328(a) provides that "as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of [the Bankruptcy Code]."

In *In re Dowey*, 580 B.R. 168 (Bankr. D.S.C. 2017), this Court, following the majority of bankruptcy courts that have addressed the issue, held that a debtor's ongoing maintenance payments provided for under § 1322(b)(5) that are paid directly by the debtor to the creditor are "payments under the plan" for purposes of a discharge under § 1328(a). In reaching that determination, the Court noted that "[a] determination of whether other payments included in a chapter 13 plan constitute a 'payment under the plan' would depend on the language of the particular plan and the type of debt being paid." *Id.* at 172 n. 6.

---

[3] It appears the unpaid ongoing post-petition payments reflected in the Response are the result of the payment increase due to the advanced force placed insurance premiums.

[4] Further references to the Bankruptcy Code, (11 U.S.C. § 101, et *al.*) shall be by section number only.

Because each claim and each confirmed plan is different, the Court is not inclined at this time to adopt a bright-line rule that fees and expenses incurred post-petition on a secured claim treated under § 1322(b)(5) are not "payments under the plan" for purposes of § 1328(a). Therefore, the Court denies the arguments of Debtor's counsel seeking such a holding.

Nevertheless, the Court will turn to the language of the Chapter 13 Plan to determine if the post-petition fees and expenses in this specific matter are "payments under the plan." The Chapter 13 Plan provides that the terms of the Note and Mortgage "shall continue to apply except as modified by [the Chapter 13 Plan], the order confirming the plan, or other order of the Court." The Chapter 13 Plan also provides that "[b]eginning November, 2013, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with [U.S. Bank]." The language of the Chapter 13 Plan indicates that Debtor would be responsible for all post-petition "non-arrearage" payments due to U.S. Bank under the Note and Mortgage during the bankruptcy case and makes no reference as to whether those post-petition payments were for ongoing monthly payments or for fees and expenses. Further, it does not appear the order confirming plan or any other court order modified the terms of the Note and Mortgage in regards to the payment of post-petition fees and expenses. Based on the language of the Confirmed Plan, it appears Debtor intended, through the Chapter 13 Plan, to maintain all post-petition payments under the Note and Mortgage, including both monthly ongoing payments and fees and expenses that become due post-petition.[5] Therefore, for similar reasons as those stated in *In re Dowey*, to the extent that the Note

---

[5] The language of § 1322(b)(5) appears to further support that "maintenance of payments" may include the payments of fees and expenses provided for by the underlying agreement that come due post-petition as that section of the Bankruptcy Code does not differentiate between ongoing monthly payments and payments for fees and expenses. Rather, the language of that section only states generally that the debtor's chapter 13 plan may provide for the "maintenance of payments while the case is pending on any unsecured claim or secured claim" without reference to the type of payment.

5

and Mortgage provided for the payment of the advanced taxes and insurance, those payments that became due post-petition would be "payments under the plan" for purposes of § 1328(a).

However, in reviewing the Note and Mortgage in this case, there is a question of whether Debtor is obligated to pay the insurance or taxes advanced by U.S. Bank under these agreements. Specifically, it does not appear that either the Note or Mortgage provides that Debtor must maintain insurance on the Principal Residence or that U.S. Bank has the authority to recover the fees for force placed insurance from Debtor. Further, the Mortgage provides that U.S. Bank may pay the delinquent taxes on the Principal Residence, but upon doing so, U.S. Bank may only elect that the entire amount of the debt is due. The Mortgage does not indicate that the tax payments advanced could be recovered as an additional payment or further debt on the loan.[6]

While there appear to be undecided issues regarding Debtor's obligation to pay the insurance and taxes under the Note and Mortgage, the Court does not have the proper pleadings or parties before it to determine those issues. It appears the proper procedure would be for Debtor to file and serve a Motion to Determine Final Cure pursuant to Fed. R. Bankr. P. 3002.1(h) in order for the Court to determine if the taxes and insurance premiums advanced by U.S. Bank are recoverable against Debtor are presently due under the terms of the loan. Until such time, the Court cannot make a final determination of whether Debtor is entitled to a discharge under § 1328(a).

To permit Debtor time to file, serve and provide notice of a Motion to Determine Final Cure and to ensure this matter is addressed in a timely fashion, the Court hereby schedules a further

---

[6] There further appears to be a typo in U.S. Bank's Response, which appears to incorrectly state the amount advanced by U.S. Bank for the unpaid taxes. Specifically, the First Postpetition Fee Notice indicates that U.S. Bank paid $2,0**17**.33 for the unpaid taxes to Newberry County. This is supported by an invoice included with the First Postpetition Fee Notice. However, the Response indicates that Debtor owes $2,0**71**.33 in post-petition fees.

hearing on the Request for Discharge for **December 4, 2018 at 9:00 AM** at the J. Bratton Davis

**United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina**.[7]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
November 6, 2018

**FILED BY THE COURT
11/06/2018**



Entered: 11/06/2018

/s/ John E. Waites
US Bankruptcy Judge
District of South Carolina

---

[7] To ensure this matter is brought to the attention of U.S. Bank, the Court hereby directs the Clerk of Court to serve a copy of this Order on U.S. Bank at the addressed provided for notices in its proof of claim (U.S. Bank National Association, as Trustee of the Security National Mortgage Loan Trust 2006-1, C/O SN Servicing Corporation, 323 Fifth Street, Eureka, CA 95501).